**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAKIBUL HASSAN; et al., | No.  18-72925 |
| Petitioners, | Agency Nos.  A089-874-718 |
| v. | A089-874-719 |
| | A089-874-720 |
| MERRICK B. GARLAND, Attorney General, | A089-874-721 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2021[**]
Pasadena, California

Before:  GRABER, CALLAHAN, and FORREST, Circuit Judges.

Rakibul Hassan sought asylum, withholding of removal, and protection

under the Convention Against Torture based on his fear that he will be tortured if

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

returned to Bangladesh.[1]  The Immigration Judge (IJ) found that Hassan was not credible because he had previously entered the United States on a false passport and was not forthright about his travel in and out of Bangladesh.  The Board of Immigration Appeals (BIA) found no clear error in the adverse credibility finding and denied immigration relief.  We deny the petition.

The agency's factual determinations are reviewed for substantial evidence. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019).  We uphold "the agency's determination unless the evidence presented would compel a reasonable finder of fact to reach a contrary result."  *Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019) (internal quotation marks and citations omitted).

Hassan asserts that he had unequivocally demonstrated that he faces particularized threats of torture if returned to Bangladesh.  Hassan testified that he was persecuted and attacked between 1996 and 2007 because of his membership in the Bangladesh National Party.  However, his credibility was undermined when, after testifying that his January 2007 beating left him unable to eat, sleep, or rest comfortably, and that a doctor recommended that he rest for three months, it was revealed that he had made four trips to Thailand, Korea, and India between February 12 and April 28, 2017.  His credibility was further undermined when it

---

[1]    Hassan is the lead petitioner.  The other petitioners are his wife and two children who seek derivative immigration benefits.

was revealed that he had not informed the agency that he had previously entered the United States in 1993 and 1994 under a false identity and passport. There was also evidence that Hassan used his false identity to acquire a California driver's license and identification when he entered the United States in 2008. The IJ was not required to believe Hassan's explanations for these inconsistencies. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (holding that although "the IJ must give the petitioner the opportunity to provide an explanation of an apparent inconsistency," the IJ need not accept that explanation). The agency's adverse credibility determination is supported by substantial evidence.

The adverse credibility finding also undermines Hassan's claims for withholding of removal and CAT relief. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding of deportation."); *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003) ("Because we affirm the BIA's determination that Farah and his witnesses were not credible, we must similarly affirm the rejection of Farah's claim under the Convention Against Torture."). Nonetheless, Hassan might still be entitled to relief if he demonstrated "a subjectively genuine and objectively reasonable fear of future persecution." *See Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). Hassan traveled freely to other countries between

February 2007 and April 2008 and did not allege that he experienced any harm or incidents either leaving or returning to Bangladesh.  Finally, it has now been thirteen years since Hassan lived in Bangladesh, and the evidence does not require a finding that the government continues to be interested in him.

The petition for review is **DENIED**.